```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    - against -

RAFFAELLO FOLLIERI,

        Defendant.

08 Cr. 850 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    Mr. Cardillo, an attorney for one of the victims in this case, has filed an application requesting that the Court (1) order the Government to turn over the names of any unindicted co-conspirators, (2) order the Government to release its investigative files in the case, (3) order Yucaipa Corporate Initiatives Fund I, LP ("Yucaipa") and Plainfield Asset Management, LLC ("Plainfield") to produce documents relating to the defendant's investments, and (4) seal "any documents in relation to the restitution."

    Mr. Cardillo's application does not cite any authority in support of his first request that the Government be compelled to release to a victim the names of any unindicted co-conspirators. There is no automatic right even for a criminal defendant to require the Government to provide a list of unindicted co-conspirators, and the defendant must make a sufficient showing. See, e.g., United States v. Samsonov, No. 07 Cr. 1198, 2009 U.S. Dist. LEXIS 8167, at *8-10 (S.D.N.Y. Jan. 23, 2009) (denying defendant's motion for a bill of particulars identifying

unindicted co-conspirators); United States v. Robertson, No. 07 Cr. 944, 2008 U.S. Dist. LEXIS 7385, at *4-9 (S.D.N.Y. Jan. 23, 2008) (denying defendant's application for a bill of particulars disclosing names of unindicted co-conspirators). United States v. Holy Land Foundation for Relief and Development, 445 F.3d 771 (5th Cir. 2006), vacated in part and reinstated in part, 493 F.3d 469 (5th Cir. 2007), on which Mr. Cardillo relies, does not discuss the naming of unindicted co-conspirators or imply that a victim should be able to require the naming of any unindicted co-conspirators. The application to compel the Government to disclose the identities of unindicted co-conspirators is **denied**. Mr. Cardillo is free to conduct his own investigation, bring any appropriate civil actions, and request information through the Freedom of Information Act ("FOIA").

Mr. Cardillo's request for the Government to release its investigative files in this case is **denied**. Mr. Cardillo should in the first instance make a FOIA request to the United States Attorney's Office ("USAO") and/or the Federal Bureau of Investigation ("FBI"). See Wong v. United States, 537 F. Supp. 2d 436, 442 (E.D.N.Y. 2007) (noting that the proper mechanism to seek production of evidence in the first instance is through a FOIA request to the agency, not to the court) (citing Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)).

With respect to Mr. Cardillo's third request for an order compelling Yucaipa and Plainfield to turn over various documents relating to the defendant's investments, he cites no legal basis upon which such an order could be granted. Neither Yucaipa nor Plainfield are parties in this criminal case. As the Government suggests, Mr. Cardillo client is free to request the documents and records he seeks from Yucaipa or Plainfield directly, or to bring a lawsuit and seek the documents and records through civil discovery. Because Mr. Cardillo's client has not cited any authority upon which his request for an order compelling Yucaipa and Plainfield to produce documents and records may be granted, that request is **denied**.

With respect to the sealing request, a blanket order sealing all files pertaining to restitution is overly broad and unnecessary to protect the privacy and reputation of the victim. The Court has carefully protected the privacy of victims and ordered that the identity of victims and any identifying information should be sealed.

Finally, Mr. Cardillo states that the amount of restitution listed by the Department of Justice as due to Mr. Cardillo's client is $20,000 less than that listed on Schedule A of the Order of Restitution to be paid by the defendant to Mr. Cardillo's client, and to which the defendant and Mr. Cardillo's

client stipulated. The Government is requested to correct the Department of Justice records accordingly.

SO ORDERED.

Dated: New York, New York
       March 2, 2009

_____
John G. Koeltl
United States District Judge